UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNALISA R., | |
| Plaintiff, | CASE NO. C19-1363-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1981.[1] She has a high school education and has no past relevant work. (AR 24.)

Plaintiff filed an SSI application on October 6, 2016, alleging disability beginning February 8, 2012. The application was denied initially and on reconsideration. A hearing was held on July

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

3, 2018. Plaintiff did not appear at the scheduled hearing. Her attorney was present. ALJ Stephanie Martz took testimony from a vocational expert. (VE). (AR 86-95.) Plaintiff was notified by letter dated July 10, 2018 of the need to show cause if she "still want[ed] to have a hearing" with an ALJ. (AR 225.) Plaintiff responded through her attorney, asking for another opportunity to appear and testify. (AR 228-29.) On October 1, 2018, the ALJ found a lack of good cause for failing to appear and issued a decision finding plaintiff not disabled. (AR 15-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 8, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's degenerative disc disease, depressive disorder, anxiety disorder, and somatic symptom disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

light work as defined in 20 C.F.R. § 416.967(b), with some additional limitations. Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently. She can stand or walk approximately six hours in an eight-hour day and sit for two-to-four hours in an eight-hour day with normal breaks. Plaintiff can occasionally climb ramps and stairs, as well as ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel and crawl. Plaintiff can frequently crouch. She must avoid concentrated exposure to vibration and hazards (such as dangerous machinery or work at unprotected heights). Plaintiff is able to understand, remember, and carry out simple instructions and tasks over an eight-hour day with regular breaks.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found plaintiff did not have past relevant work, so proceeded to step five. With the assistance of the VE, the ALJ found plaintiff capable of performing work as a garment folder and copy machine operator. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in finding plaintiff constructively waived her right to appear and testify at hearing. She requests a remand for further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Right to Testify at Hearing</u>

A claimant has the right to appear at a hearing before an ALJ, either in person or by video teleconference or telephone, to present evidence and to state his or her position. This right may be waived in writing. Even then, the ALJ has the right to require the claimant to appear in person if "a personal appearance and testimony … is necessary to decide the case." 20 C.F.R. § 416.1450(a), (b). A waiver must be knowing and voluntary. Hearings, Appeals and Litigation Law Manual (HALLEX) I-2-1-82.[2] Even if the right to appear is waived, the claimant must be afforded the opportunity to submit written comments. *Id.*

The HALLEX also provides that, if claimant's appointed representative appears at hearing, but claimant does not, claimant may be found to have constructively waived the right to appear if: (1) the attorney is unable to locate the claimant; (2) the Notice of Hearing was mailed to claimant's last known address; and (3) the contact procedures required by the regulations were followed. HALLEX I-2-4-25(D)(2). If the ALJ finds constructive waiver, the ALJ may proceed with the hearing, but must send the claimant a Request to Show Cause for Failure to Appear in order to determine the reason for the failure to appear. If good cause is shown, the ALJ must offer the claimant a supplemental hearing to provide testimony. If claimant fails to respond, or fails to

---

[2] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue¸* 529 F3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel,* 216 F.3d 864, 868–69 (9th Cir. 2000)). However, as an Agency manual, HALLEX is "'entitled to respect' under *Skidmore v. Swift & Co.*, [323 U.S. 134] (1944), to the extent that it has the 'power to persuade.'" *Id*. (citing *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).

establish good cause, the ALJ may issue a decision based on the evidence of record. There is "no set criteria for determining what constitutes good cause for failure to appear at the time and place of a scheduled hearing." *Id.*

In this case, plaintiff's counsel appeared at the July 3, 2018 hearing, and informed the ALJ that plaintiff had been in contact with him that morning, indicating she was traveling to the hearing by ferry and by train or bus, but was delayed due to the ferry being too full to board.[3]  (AR 88.) The ALJ proceeded with the testimony of the VE and sent plaintiff the requisite Request to Show Cause for Failure to Appear.  (AR 225-26.)  Plaintiff responded in writing through her authorized representative, explaining she had left her home on Whidbey Island with what she thought was ample time to catch a 6:30 ferry and connect to a train, but was unexpectedly unable to board the ferry due to it being full.  Taking a later ferry would have resulted in missing the train connection to Seattle.  Plaintiff indicated she was not a frequent commuter and did not anticipate the need to allow so much time to board the morning rush hour ferry in order to arrive in time for the 10:00 hearing in Seattle.  (AR 228-29.)

In the decision, the ALJ stated she was "not persuaded" by the explanation, finding it "unconvincing" that plaintiff would be inexperienced and unknowledgeable about ferry travel, noting the advice on the Washington State ferry website about wait times for travel, and the fact plaintiff had over two months to plan her transportation to the hearing.  Therefore, the ALJ found plaintiff had not shown good cause for failing to appear and had waived her right to a hearing. (AR 16.)

The Court agrees with plaintiff that substantial evidence does not support the ALJ's finding

---

[3] Similarly, the ALJ indicated she had "gotten messages" that morning about plaintiff's absence. (AR 88.)

ORDER
PAGE - 5

of waiver. The evidence does not support the required showing that plaintiff's attorney was unable to locate her. HALLEX I-2-4-25(D)(2). To the contrary, plaintiff's attorney knew exactly where she was – trying to board a ferry to travel to Seattle for her hearing. It is not necessary for the Court to reach the issue of good cause for plaintiff's failure to appear at hearing, since the record fails to establish constructive waiver. The hearing should have been continued to a later date or, at a minimum, a supplemental hearing should have been held to allow plaintiff to testify.

## CONCLUSION

For the reasons set forth above, this matter is REMANDED for further proceedings.

DATED this 16th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 6